**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ELIZANDRA OCASIO-TORRES,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE.<br><br>**Defendants.** | **CIVIL NO. 26-1683 (RAM)** |

**MEMORANDUM AND ORDER DENYING TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on Plaintiff Elizandra Ocasio-Torres's ("Plaintiff" or "Ms. Ocasio-Torres") October 26, 2026, *Complaint* and *Motion for Temporary Restraining Order* (the "*Motion*"). (Docket Nos. 1 and 3). In her *Complaint*, Plaintiff asserts that she is permanently disabled and that Defendants United States of America and Internal Revenue Service (IRS) (collectively, "Defendants") arbitrarily revoked a prior interim telework arrangement (the "Telework Arrangement") before ruling on her reasonable accommodation request (the "RA Request"). Id. ¶¶ 22-28. Due to this revocation, Plaintiff must return to office five days a week in person, allegedly necessitating a very long commute and serious harm to her health. Id. ¶¶ 30.

Plaintiff seeks a temporary restraining order ("TRO") and a preliminary and permanent injunction preserving the *status quo* of

the Telework Arrangement while she awaits a decision on her RA Request. Id. ¶¶ 32, 36. To support this request, Plaintiff contends she will suffer irreparable harm in the absence of a TRO because the commute to the office and prolonged sitting will result in further medical complications and harm to Plaintiff's physical health. Id. ¶ 30. With regards to likelihood of success on the merits, Plaintiff points to the VA's determination of 100 percent permanent and total disability and IRS's sudden revocation of the Telework Arrangement while the decision on her RA Request remains pending. Id. ¶¶ 7, 28.

For the reasons set forth below, the Court denies the request for a Temporary Restraining Order and sets deadlines for Defendants to respond to the *Complaint*.

## I. DISCUSSION

When evaluating a request for a temporary restraining order, courts must consider the same four factors that apply to a motion for preliminary injunction, namely: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the request is denied; (3) the balance of hardships; and (4) whether the TRO is in the public interest. *See* Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 161-162 (1st Cir. 2004) ("We hold that the traditional four-part preliminary injunction standard applies in full flower to motions brought under Rule 65 in hopes of securing prejudgment freeze orders.").

Furthermore, courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty., 415 U.S. 423, 439 (1974). Therefore, "[t]emporary restraining orders 'must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Ginzburg v. Martinez-Davila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

In the case at bar, Plaintiff has failed to establish that she would suffer irreparable harm before Defendants are given an opportunity to present their position to the Court. Per her *Complaint*, Plaintiff states that the Defendants have violated "Internal Revenue Manual part I Chapter 20 section 2, IRS's

Reasonable Accommodation Policy Statement 1-47… and sections 501 and 505 of the Rehabilitation Act of 1973.” (Docket No. 1 ¶ 35). Even if the Court takes those violations to be true, Plaintiff **has failed to clearly show that “immediate and irreparable injury, loss, or damage will result”** to her physical health before Defendants can be heard in opposition. Fed. R. Civ. P. 65(b)(1). The *Complaint* and *Motion* fail to fully address the likelihood of success on the merits and balance of hardships, and Plaintiff has failed to address the public interest factor entirely. Plaintiff’s attorney also did not “certify in writing any efforts made to give notice and the reasons why it should not be required.” Fed. R. Civ. P. 65(b)(1)(B). Furthermore, although Plaintiff did cite to some statutes and regulations, Plaintiff did not include specific “citations and supporting authorities” to caselaw as required by Local Rule 7(a). L. CV. R. 7(a).

**Therefore, the requested temporary restraining order is improper** and Plaintiffs’ request against Defendant at Docket No. 3 is **DENIED.**

## II. SCHEDULING ORDER

Defendant shall respond to the *Complaint* and Plaintiff’s request for a preliminary injunction within **seven (7) days** from service of summons.

Pursuant to 28 U.S.C. Sec. 636(b)(1)(B), the motion for preliminary injunction is hereby referred to a magistrate judge to

hold a hearing and issue a Report and Recommendation on the pending request for preliminary injunction.

On or before **November 18, 2026**, the parties shall file a joint motion informing the Court whether they consent to conduct all proceedings in this case, up to and including final judgment, before a magistrate judge pursuant to Fed. R. Civ. P. 73. If the parties consent, the referral for a report and recommendation will become moot.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 28th day of October 2026.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE